No. 82-46

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

_____

IN THE MATTER OF THE ESTATE OF
BESSIE EVA DUNLAP, a/k/a
BESS DUNLAP, Deceased.

_____

Appeal from:   District Court of the Fourth Judicial District,
               In and for the County of Missoula
               Honorable John Henson, Judge presiding.

Counsel of Record:

    For Appellant:

        Tipp, Hoven, Skjelset & Frizzell, Missoula, Montana
        Richard Buley argued, Missoula, Montana

    For Respondent:

        Milodragovich, Dale and Dye, Missoula, Montana
        Donald C. St. Peter argued, Missoula, Montana

_____

                        Submitted:   June 24, 1982

                        Decided:     August 19, 1982

Filed: AUG 19 1982


_____
           Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

The decedent, Bessie Eva Dunlap, died testate on November 27, 1980. J. Wayne Dunlap, the surviving child of Bessie, filed a "Petition For Exempt Property Allowance" on July 1, 1981. A hearing was held in the District Court of the Fourth Judicial District of the State of Montana, in and for the County of Missoula. By order, on August 5, 1981, the District Court granted J. Wayne Dunlap $3,500 in exempt property. The estate of Bessie Dunlap thereafter moved the District Court to amend its order. The motion was denied, and the estate now appeals.

Bess Dunlap died testate on November 27, 1980. In paragraph 7 of her will, she acknowledged her son, J. Wayne Dunlap, and stated:

> "I hereby declare that I have one child: J. Wayne Dunlap, a/k/a Joseph A. Dunlap. I specifically leave nothing to my said child."

Bessie Dunlap's husband predeceased her. In her will, Bessie devised all her property to her husband, and in the event he predeceased her, the entire estate was then devised to the Victor Cemetary Association, Victor, Montana.

The personal representative appointed by the will filed an application for informal probate and received her letters of probate. Later, the disinherited son, J. Wayne Dunlap, filed a notice of intent and petition to take exempt property.

The sole issue before this Court is whether a child specifically disinherited by will may take under section 72-2-802, MCA, which provides exempt property for certain heirs.

Section 72-2-802, MCA, provides:

"(1) In addition to the homestead allowance, the surviving spouse of a decedent who was domiciled in this state is entitled from the estate to value not exceeding $3,500 in excess of any security interests therein in household furniture, automobiles, furnishings, appliances, and personal effects. If there is no surviving spouse, children of the decedent are entitled jointly to the same value. If encumbered chattels are selected and if the value is excess of security interests, plus that of other exempt property, is less than $3,500 or if there is not $3,500 worth of exempt property in the estate, the spouse or children are entitled to other assets of the estate, if any, to the extent necessary to make up the $3,500 value.

"(2) Rights to exempt property and assets needed to make up a deficiency of exempt property have priority over all claims against the estate, except that the right to any assets to make up a deficiency of exempt property shall abate as necessary to permit prior payment of homestead allowance and family allowance.

"(3) These rights are in addition to any benefit or share passing to the surviving spouse or children by the will of the decedent unless otherwise provided, by intestate succession, or by way of elective share." Section 72-2-802, MCA. (Emphasis added.)

The appellant has rested its case on two arguments: (1) that testator's intent governs the above section, and (2) that the statutory language in subsection (3) above, "unless otherwise provided," includes the will of the testator by disinheriting the son and hence the son cannot be the recipient of exempt property. The appellant cites Matter of Estate of Merkel to demonstrate that the primary purpose of the exempt property provision is to protect the estate from creditors in favor of the family. Matter of Estate of Merkel (1980), _____ Mont. _____, 618 P.2d 872, 37 St.Rep. 1782.

We agree with the proposition advanced by appellant that the governing rule in construction or interpretation of

a testamentary disposition is the intention of the testator and must prevail; however, that is not our case here. Further, you cannot isolate the phrase as has been done here. It must be considered with the section as a whole.

Section 72-2-802, MCA, does not, as argued by appellant, use the term "exemption" or "exempt" in its colloquial form. This section rather treats "exempt property" together with "homestead allowance" in the noun form to identify an absolute grant. This grant is to the spouse who survives and if no surviving spouse, then in part (exempt property) to children of the decedent jointly in the same value as would go to a spouse. These rights (or grant) are in addition to any benefit or share passing to the surviving spouse or children (1) by will of the decedent unless otherwise provided, (2) by intestate succession, or (3) by way of elective share.

This Court determined in Merkel, supra, that the surviving spouse's right to exempt property and homestead allowance was absolute. The estate's contention that a decedent's children are not entitled to the same rights as a surviving spouse is spurious. Section 72-2-704, MCA, does not enlarge the surviving spouse's right to exempt property pursuant to section 72-2-802, MCA. It merely directs that exempt property not be charged against the surviving spouse's elective share. Section 72-2-802, which creates a right to exempt property, makes no distinction between the rights of a surviving spouse and children of the decedent to take exempt property. The statute embodies a priority right in the surviving spouse as against the surviving children of the decedent, but does not grant a surviving spouse any

-4-

greater right to exempt property than the surviving children.

In <u>Merkel</u>, supra, we stated that the homestead exemption and exempt property of the Montana Uniform Probate Code continue the tradition of making statutory rights available to a surviving spouse. In that case decedent executed a will which left nothing to his surviving spouse. No one questioned her right to statutory grants because she was left nothing by will. Only the question of life or fee interest to her were argued. Our interpretation would grant a child the same rights under section 72-2-802, MCA, which would not require that a child receive any benefit under the will of the decedent to receive the grant.

The appellant argues against this procedure because the purpose of the exempt property statute is to protect the assets of the estate, especially family heirlooms from passing to creditors. The appellant ignores the fact that protecting these assets from creditors is not an end in itself. These assets are protected from creditors so that property and money can be distributed to those people whom Montana's legislature has determined to protect.

The family protection provisions of the Uniform Probate Code were intended by the drafters to protect a surviving spouse and children from disinheritance by a decedent.

The Uniform Probate Code contains three different kinds of provisions to protect the immediate family. Part 7, Chapter 2 of Title 72, MCA, contains provisions assuring the surviving spouse of a share in both the probate estate and in certain assets transferred outside of the probate

process that a decedent cannot defeat. Such elective share takes the place of common law dower and curtesy which are abolished under the Code. Part 6 of Chapter 2, Title 72, MCA, protects against unintentional disinheritance by providing a share for the surviving spouse and children if the testator marries after executing the will or has children born or adopted after the will is executed, unless the omission was intentional or the testator made other provisions for the disinherited spouse or child. Part 8 of Chapter 2, Title 72, deals with exempt property and allowances, statutory rights vested in the surviving spouse and certain children.

In the present case, the decedent's will did no more than disinherit the child and expressed no intent as to statutory rights.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices