PAPILLION/LAVISTA SCHOOLS PRINCIPALS AND SUPERVISORS ORGANIZATION (PLPSO), APPELLEE, V. PAPILLION/LAVISTA SCHOOL DISTRICT, SCHOOL DISTRICT NO. 27, APPELLANT.

562 N.W.2d 335

Filed April 18, 1997.  No. S-95-621.

Kelley Baker, Jerry L. Pigsley, and Maren Lynn Chaloupka, of Harding, Shultz & Downs, for appellant.

Robert E. O'Connor, Jr., for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and McCORMACK, JJ.

CAPORALE, J.

The Nebraska Commission of Industrial Relations determined that the petitioner-appellee, Papillion/LaVista Schools Principals and Supervisors Organization, constituted an appropriate bargaining unit; ordered an election; and pursuant to the results thereof, certified the organization as the exclusive collective bargaining agent in its labor negotiations with the respondent-appellant, Papillion/LaVista School District, School District No. 27. The district appealed to the Nebraska Court of Appeals, asserting, in summary, that the commission erred in determining that the organization constituted an appropriate bargaining unit and in its other rulings. The Court of Appeals affirmed the orders of the commission, see *PLPSO v. Papillion/LaVista School Dist.*, 5 Neb. App. 102, 555 N.W.2d 563 (1996), whereupon the district successfully sought further review by this court. We now reverse the judgment of the Court of Appeals and remand the cause with the direction that the petition be dismissed.

The dispositive issue is controlled by statute. Statutory interpretation presents questions of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Metropolitan Utilities Dist. v. Balka, ante* p. 172, 560 N.W.2d 795 (1997).

Neb. Rev. Stat. § 79-102 (Reissue 1996) classifies school districts in six classes, either on the basis of the grade levels main-

tained or on the basis of such levels and the population within the territory encompassed by the school district. *State ex rel. Perkins Cty. v. County Superintendent*, 247 Neb. 573, 528 N.W.2d 340 (1995). Although the record does not establish the class of school district involved, it does reveal that the organization as the bargaining unit consists of 27 of the district's employees, including 13 principals, 7 assistant principals, a senior high school athletic director, a coordinator of special services, a director of the English as a Second Language program, a library media coordinator, a challenge coordinator, a director of business operations, and a director of special services. The parties stipulated that all 27 employees have varying degrees of supervisory duties.

Principals supervise assistant principals in that all employees in the building are accountable to the principals, who are considered the "bosses" and run the building. Assistant principals report to principals if they are going to be late for work or take a day off from work. Principals also evaluate assistant principals' performances, recommend continued employment, and influence merit pay. Although superintendents, who are not members of the unit, work with and supervise the principals, the principals are ultimately in charge of disciplining employees and are expected to resolve situations in which an assistant principal consistently fails to perform his or her job duties. Finally, principals give advice on the hiring of new assistant principals.

Some principals meet weekly with their assistant principals, while others confer or coordinate daily with their assistant principals, but the assistant principals are considered autonomous as to certain duties, and the assistant superintendents, who are not members of the unit, supervise the principals and assistant principals and regularly deal directly with the assistant principals. The principals do not tell the assistant principals how, when, or where to do their jobs on a daily basis; instead, the principals and assistant principals perform under a team approach. For example, both supervise teachers.

With respect to the other supervisory personnel, the coordinator for special services and the director of the English as a Second Language program report to the director of special services. The senior high school athletic director appears to report

to a senior high school principal. The challenge coordinator, library media coordinator, and director of business operations report to individuals outside the proposed unit.

Neb. Rev. Stat. § 48-816(3) (Reissue 1993) provides:

(3)(a) Except as provided in subdivisions (b) and (c) of this subsection, a supervisor shall not be included in a single bargaining unit with any other employee who is not a supervisor.

(b) All firefighters and police officers employed in the fire department or police department of any municipal corporation in a position or classification subordinate to the chief of the department and his or her immediate assistant or assistants holding authority subordinate only to the chief shall be presumed to have a community of interest and may be included in a single bargaining unit represented by an employee organization for the purposes of the Industrial Relations Act. Public employers shall be required to recognize an employees bargaining unit composed of firefighters and police officers holding positions or classifications subordinate to the chief of the fire department or police department and his or her immediate assistant or assistants holding authority subordinate only to the chief when such bargaining unit is designated or elected by employees in the unit.

(c) All administrators employed by a Class V school district shall be presumed to have a community of interest and may join a single bargaining unit composed otherwise of teachers and other certificated employees for purposes of the Industrial Relations Act, except that the following administrators shall be exempt: The superintendent, associate superintendent, assistant superintendent, secretary and assistant secretary of the board of education, executive director, administrators in charge of the offices of state and federal relations and research, chief negotiator, and administrators in the immediate office of the superintendent. A Class V school district shall recognize an employees bargaining unit composed of teachers and other certificated employees and administrators, except the exempt administrators, when such bargaining unit is formed by

the employees as provided in section 48-838 and may recognize such a bargaining unit as provided in subsection (2) of this section. In addition, all administrators employed by a Class V school district, except the exempt administrators, may form a separate bargaining unit represented either by the same bargaining agent for all collective-bargaining purposes as the teachers and other certificated employees or by another collective-bargaining agent of such administrators' choice. If a separate bargaining unit is formed by election as provided in section 48-838, a Class V school district shall recognize the bargaining unit and its agent for all purposes of collective bargaining. Such separate bargaining unit may also be recognized by a Class V school district as provided in subsection (2) of this section.

Neb. Rev. Stat. § 48-801(5) (Reissue 1993) defines employee as used in the Industrial Relations Act as including "any person employed by any employer." Section 48-801(4) defines employer as meaning "the State of Nebraska or any political or governmental subdivision of the State of Nebraska . . . ." Finally, § 48-801(9) defines supervisor as meaning

any employee having authority, in the interest of the employer, to hire, transfer, suspend, lay off, recall, promote, discharge, assign, reward, or discipline other employees, or responsibly to direct them or to adjust their grievances, or effectively to recommend such action, if in connection with the foregoing the exercise of such authority is not a merely routine or clerical nature, but requires the use of independent judgment.

In reading a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. *Boss v. Fillmore Cty. Sch. Dist. No. 19*, 251 Neb. 669, 559 N.W.2d 448 (1997); *Van Ackeren v. Nebraska Bd. of Parole*, 251 Neb. 477, 558 N.W.2d 48 (1997).

The language of § 48-816(3)(a) unequivocally declares that except as otherwise provided, a supervisor shall not be included in a single bargaining unit with any other employee who is not a supervisor. We have interpreted that language to mean that a

single bargaining unit cannot include supervisors and those whom the supervisors responsibly direct. See, e.g., *IBEW Local 1536 v. Lincoln Elec. Sys.*, 215 Neb. 840, 341 N.W.2d 340 (1983) (crew members and foremen required to responsibly direct them could not be included in same bargaining unit); *Nebraska Assn. of Pub. Emp. v. Nebraska Game & Parks Commission*, 197 Neb. 178, 247 N.W.2d 449 (1976) (supervisory personnel could not be part of rank and file bargaining unit or retain same bargaining agent); *City of Grand Island v. American Federation of S. C. & M. Employees*, 186 Neb. 711, 185 N.W.2d 860 (1971) (under then version of § 48-816, firefighters could not be in same bargaining unit as captains and lieutenants responsibly directing them). The only exceptions to the general rule expressed in § 48-816(3)(a) are certain firefighters and police officers, as provided in § 48-816(3)(b), and certain administrators employed by Class V school districts, as provided in § 48-816(3)(c). Given that the record is silent as to the district's classification, the record necessarily fails to establish that the district is a Class V school district.

It is true that Neb. Rev. Stat. § 48-838(2) (Reissue 1993) provides, in relevant part: "It shall be presumed, in the case of governmental subdivisions such as municipalities, counties, power districts, or utility districts with no previous history of collective bargaining, that units of employees of less than departmental size shall not be appropriate." It is further true that in *American Assn. of University Professors v. Board of Regents*, 198 Neb. 243, 253 N.W.2d 1 (1977), we observed that this statutory presumption evidences a legislative effort to avoid the undue fragmentation of bargaining units. However, the statutory presumption cannot and does not negate specific statutory language providing otherwise. As we wrote in ruling that a county official who had no wage-setting authority could not be a member of a bargaining unit consisting of officials having such authority:

> It is further argued to us that should we find that each elected [county] official is a proper party to speak on behalf of the county with regard to his or her individual employees, great fragmentation will occur. While we have generally said that fragmentation to the extent it can be

> avoided should be avoided, see *American Assn. of University Professors v. Board of Regents,* 203 Neb. 628, 279 N.W.2d 621 (1979), and *Sheldon Station Employees Assn. v. Nebraska P.P. Dist.,* 202 Neb. 391, 275 N.W.2d 816 (1979), we have never held and could not hold that artificial units must be created solely to reduce the number of appropriate units. We are simply not at liberty to disregard the meaning of the statute in order to more efficiently administer labor negotiations. While that may be a desirable end, it is for the Legislature to make that decision, and not for the courts.

*Sarpy Co. Pub. Emp. Assn. v. County of Sarpy,* 220 Neb. 431, 439-40, 370 N.W.2d 495, 500-01 (1985).

Moreover, contrary to the organization's contention, the enactment of § 48-816(3)(c) exempting certain Class V school district administrators from the operation of § 48-816(3)(a) by permitting them to join a single bargaining unit does not evidence a legislative purpose or intent to permit like administrators in school districts of whatever class to do the same. There is nothing in the unambiguous language limiting the operation of § 48-816(3)(c) to Class V school districts which suggests any such intention. Had the Legislature intended such a result, it could easily have provided that the exemption apply to all school districts. Thus, the resolution of this contention is controlled by the well-known general principle of statutory construction: expressio unius est exclusio alterius; that is, the expression of one thing is the exclusion of another. *State Bd. of Ag. v. State Racing Comm.,* 239 Neb. 762, 478 N.W.2d 270 (1992). Stated in other terms, unless the Legislature has plainly indicated a contrary purpose or intention, when a statute specifies the object of its operation, the statute excludes from its operation every object not expressly mentioned therein. See *Nebraska City Education Assn. v. School Dist. of Nebraska City,* 201 Neb. 303, 267 N.W.2d 530 (1978). Because in § 48-816(3)(c) the Legislature expressly authorized only certain administrators in Class V school districts to join together, the foregoing rule prevents application of the exemption to any other class of school district.

In the final analysis, it must be remembered that the commission is an administrative agency empowered to perform a legislative function and, as such, has no power or authority other than that specifically conferred on it by statute or by a construction thereof necessary to accomplish the purposes of the act establishing the commission. *Nebraska Pub. Emp. v. City of Omaha*, 235 Neb. 768, 457 N.W.2d 429 (1990); *Wood v. Tesch*, 222 Neb. 654, 386 N.W.2d 436 (1986), *overruled on other grounds*, *Landon v. Pettijohn*, 231 Neb. 837, 438 N.W.2d 757 (1989). See, also, *Calabro v. City of Omaha*, 247 Neb. 955, 531 N.W.2d 541 (1995).

For the foregoing reasons, the judgment of the Court of Appeals is, as noted in the first paragraph hereof, reversed and the cause remanded with the direction that the petition be dismissed.

REVERSED AND REMANDED WITH DIRECTION.