IN RE ESTATE OF ERVIN W. PETERSON, DECEASED.
NORMAN LEWIS PETERSON, APPELLANT, V. ELAINE MOORE,
PERSONAL REPRESENTATIVE OF THE ESTATE OF ERVIN W. PETERSON,
DECEASED, APPELLEE.
576 N.W.2d 767

Filed March 27, 1998.    No. S-96-1285.

Michael F. Pistillo, of Pistillo & Pistillo, P.C., for appellant.

Dixon G. Adams for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

WRIGHT, J.

## NATURE OF CASE

This case presents a question of first impression regarding whether an adult, emancipated son of a testator is entitled to an exempt property allowance of $5,000 pursuant to Neb. Rev. Stat. § 30-2323 (Reissue 1995) when the will specifically provided that under no circumstance should any share of the testator's estate go to his son.

## SCOPE OF REVIEW

Statutory interpretation presents questions of law, and an appellate court is obligated to reach a conclusion independent of that reached by the trial court. See *PLPSO v. Papillion/LaVista School Dist.*, 252 Neb. 308, 562 N.W.2d 335 (1997).

## FACTS

Ervin W. Peterson (testator) died on April 20, 1996. On April 30, his will was informally admitted to probate in the county court for Sarpy County. In the will, the testator disinherited his only son, Norman Lewis Peterson (Peterson). The fifth article of the will provides:

> I have intentionally omitted to provide for, and specifically direct and will that under no circumstances shall any part, share or interest in my estate go to, vest in, or be taken by my son, NORMAN LEWIS PETERSON, or any of his descendants, and I hereby generally and specifically disinherit each and any and all persons whomsoever claiming to be or who may lawfully be determined to be my heirs at law except as otherwise mentioned in this Will. Should this son, NORMAN LEWIS PETERSON, or any of his heirs or any one [sic] else seek to set aside this Will, or to change the intent I have designated, or endeavor to change or set aside the provisions of this Will in any manner whatsoever, then in any or all of the above-mentioned cases and events I hereby give and bequeath to such person or persons the sum of ONE DOLLAR and NO MORE, in lieu of any other share or interest in my estate.

Peterson filed an "Application for Authorizing Exempt Property Allowance and Order Directing Payment," requesting an exempt property allowance in the amount of $5,000. The personal representative, Elaine Moore, filed a "Resistance to Application for Exempt Property Allowance," alleging that Peterson was not entitled to the exempt property allowance because he was specifically disinherited by the testator.

The county court denied Peterson's application, and Peterson thereafter perfected his appeal to this court pursuant to Neb. Rev. Stat. § 30-1601 (Reissue 1995).

### ASSIGNMENT OF ERROR

Peterson alleges that the county court erred in concluding that he was not entitled to receive an exempt property allowance under the provisions of § 30-2323.

### ANALYSIS

This court has never addressed the issue of whether a disinherited, adult child is entitled to an exempt property allowance under § 30-2323, which provides:

In addition to the homestead allowance, the surviving spouse of a decedent who was domiciled in this state is entitled from the estate to value not exceeding five thousand dollars in excess of any security interests therein in household furniture, automobiles, furnishings, appliances, and personal effects. If there is no surviving spouse, children of the decedent are entitled jointly to the same value. If encumbered chattels are selected and if the value in excess of security interests, plus that of other exempt property, is less than five thousand dollars, or if there is not five thousand dollars worth of exempt property in the estate, the spouse or children are entitled to other assets of the estate, if any, to the extent necessary to make up the five thousand dollars value. Rights to exempt property and assets needed to make up a deficiency of exempt property have priority over all claims against the estate except for costs and expenses of administration, and except that the right to any assets to make up a deficiency of exempt property shall abate as necessary to permit prior payment of

homestead allowance and family allowance. *These rights are in addition to any benefit or share passing to the surviving spouse or children by the will of the decedent unless otherwise provided therein, by intestate succession, or by way of elective share.*

(Emphasis supplied.)

Peterson claims that he is entitled to an exempt property allowance even though he was specifically disinherited by the testator. He asserts that the disinheritance of a child by a testator does not affect the statutory right to property and claims that this court should treat an exempt property allowance as an absolute right.

The personal representative argues that Neb. Rev. Stat. § 30-2341 (Reissue 1995) controls and that the testator's intent overrides Peterson's right to the exempt property allowance. Section 30-2341 states: "The intention of a testator as expressed in his will controls the legal effect of his dispositions. The rules of construction expressed in the succeeding sections of this part apply unless a contrary intention is indicated by the will." The personal representative asserts that the last sentence of § 30-2323 refers to the testator's intent and that Peterson is not entitled to the exempt property allowance because the testator clearly intended that Peterson receive nothing from his estate or, in the alternative, that he would take only "ONE DOLLAR and NO MORE" in lieu of any other share or interest.

The county court's rationale for denying Peterson's claim was that the exempt property and homestead allowances are "there to exempt those amounts from the claims [of] creditors, to exempt those amounts from the payment of inheritance taxes, and not to benefit or in other words take the property out of an estate . . . ." We conclude that the court misinterpreted the language of the statute. Statutory interpretation presents questions of law, and an appellate court is obligated to reach a conclusion independent of that reached by the trial court. See *PLPSO v. Papillion/LaVista School Dist.*, 252 Neb. 308, 562 N.W.2d 335 (1997). Since this is a question of law, our review must be independent of the determination made by the county court.

It is undisputed that the testator intended to disinherit Peterson. Thus, the issue presented is whether this disinheri-

tance affects Peterson's claim to an exempt property allowance pursuant to § 30-2323.

In construing a statute, a court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it. *In re Interest of Jaycox*, 250 Neb. 697, 551 N.W.2d 9 (1996). A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of a court to read anything plain, direct, and unambiguous out of a statute. *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996).

We direct our attention to the last sentence of § 30-2323, which provides that "[exempt property] rights are in addition to any benefit or share passing to the surviving spouse or children by the will of the decedent unless otherwise provided therein, by intestate succession, or by way of elective share." In *In re Estate of Carman*, 213 Neb. 98, 327 N.W.2d 611 (1982), we discussed Neb. Rev. Stat. §§ 30-2324 and 30-2325 (Reissue 1979), which provided for an allowance to the surviving spouse in the total amount of $6,000, payable in periodic installments not exceeding $500 per month for 1 year. We held that the family allowance was a specific, vested, and indefeasible statutory right accruing to the spouse upon the decedent's death.

We must determine whether § 30-2323 creates a vested and indefeasible right. In the absence of anything indicating to the contrary, statutory language is to be given its plain and ordinary meaning, and an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. See *In re Estate of Muchemore*, 252 Neb. 119, 560 N.W.2d 477 (1997), *disapproved on other grounds, In re Estate of Nelson*, 253 Neb. 414, 571 N.W.2d 269. Accordingly, a statute is open for construction only when the language used requires interpretation or may reasonably be considered ambiguous. *State ex rel. City of Elkhorn v. Haney*, 252 Neb. 788, 566 N.W.2d 771 (1997). The components of a series or collection of statutes pertaining to a certain subject matter may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the

act are consistent, harmonious, and sensible. *Buffalo County v. Kizzier*, 250 Neb. 180, 548 N.W.2d 757 (1996). We conclude that the plain and unambiguous language of § 30-2323 creates a statutory right that accrues to the surviving spouse or the surviving children jointly if there is no surviving spouse upon the death of the testator.

The next question is whether this right is indefeasibly vested or whether it may be abrogated by will. The Montana Supreme Court addressed a similar issue in *Matter of Estate of Dunlap*, 199 Mont. 488, 649 P.2d 1303 (1982). Paragraph 7 of Dunlap's will provided as follows: " 'I hereby declare that I have one child: J. Wayne Dunlap, a/k/a Joseph A. Dunlap. I specifically leave nothing to my said child.' " *Id.* at 489, 649 P.2d at 1304. By other provisions of the will, Dunlap devised all her property to her husband, and in the event that he predeceased her (which he did), the entire estate was devised to a cemetery association. The son filed a petition for exempt property allowance, which was denied by the personal representative. The district court granted the allowance, and the Montana Supreme Court affirmed and stated:

Section 72-2-802 [of the Montana Code regarding exempt property] provides:

". . . If there is no surviving spouse, children of the decedent are entitled jointly to the same value. . . .

". . . .

". . . These rights are in addition to any benefit or share passing to the surviving spouse or children by the will of the decedent unless otherwise provided, by intestate succession, or by way of elective share."

(Emphasis omitted.) *Matter of Estate of Dunlap*, 199 Mont. at 489-90, 649 P.2d at 1304.

In *Matter of Estate of Dunlap*, the personal representative contended that the testator's intent governed, that the statutory language "unless otherwise provided" included disinheritance of the son by will, and that, therefore, the son could not be the recipient of exempt property. The Montana Supreme Court held that § 72-2-802 did not use the term "exemption" or "exempt" in its colloquial form, but, rather, treated "exempt property" together with "homestead allowance" in the noun form to iden-

tify an absolute grant. The court held that these rights were in addition to any benefit or share passing to the surviving spouse or children "(1) by will of the decedent unless otherwise provided, (2) by intestate succession, or (3) by way of elective share." *Matter of Estate of Dunlap*, 199 Mont. at 490, 649 P.2d at 1305. The court stated that the family protection provisions of the Uniform Probate Code were intended by the drafters to protect a surviving spouse and children from disinheritance by a decedent. The court held that Dunlap's will did no more than disinherit her son and expressed no intention as to statutory rights. Therefore, the son was disinherited, but remained entitled to his statutory rights.

The personal representative argues that the phrase "unless otherwise provided therein" in § 30-2323 suggests that a testator may abrogate a party's right to receive an exempt property allowance. Other jurisdictions have recognized that a testator may give a bequest in lieu of a statutory allowance. However, these courts have held that this intent must be clear from the language of the will before the court will bar the statutory grant. See, *In re Estate of Reddick*, 102 Ohio App. 3d 488, 657 N.E.2d 531 (1995) (finding that bequest in will was in lieu of statutory allowance for support because it was expressed in clear and unambiguous language); *Rush v. Rush*, 360 So. 2d 1240 (Miss. 1978) (noting that widow is entitled to allowance unless it clearly appears that provisions in will are in lieu of statutory support); *In re Estate of E.K. Davis*, 126 Vt. 19, 220 A.2d 726 (1966) (noting that statutory support may be waived by clear and unequivocal language in will that bequest be in lieu of all statutory rights).

In construing the language of § 30-2323, we conclude that the statutory rights granted therein are vested and indefeasible. The clear intent of § 30-2323 is to provide an exempt property allowance, which benefit is "in addition to" any benefits passing to the surviving spouse or surviving children by will, by intestate succession, or by way of elective share. Unless a testator clearly provides in the will that the devises and bequests are in lieu of exempt property, then the spouse or children are entitled to both. However, a clear testamentary stipulation may require the spouse or the surviving children to choose between

the provisions of the will or the statutory exempt property allowance. See Thomas E. Atkinson, Handbook of the Law of Wills § 34 (2d ed. 1953).

If the will of a testator clearly provides otherwise, then an exempt property allowance is not "in addition to" any benefit by will, intestate succession, or elective share. Regardless, the rights set forth in § 30-2323 cannot be defeated by a testator even though the testator may require a spouse or child to choose between the devise or the exempt property allowance.

The county court erred in finding that Peterson was not entitled to an exempt property allowance. The testator disinherited Peterson, but Peterson is entitled to an exempt property allowance in accordance with § 30-2323.

## CONCLUSION

The judgment of the county court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.