CHRISTY A. NELSEN, APPELLANT, V.
ROBERT J. GRZYWA, APPELLEE.
618 N.W. 2d 472

Filed October 17, 2000.   No. A-99-1254.

Matthew G. Miller, of Inserra Law Offices, for appellant.

John W. DeCamp and John E. Beltzer, of DeCamp Legal Services, P.C., for amicus curiae Nebraska Chiropractic Physicians Association.

HANNON, SIEVERS, and CARLSON, Judges.

SIEVERS, Judge.

This appeal involves the question of whether chiropractors are "physicians" under the physician, nurse, or hospital lien statute (physician lien statute), Neb. Rev. Stat. § 52-401 (Reissue 1998)—an issue of first impression. The case originated when Christy A. Nelsen sued Robert J. Grzywa for personal injuries allegedly sustained in an automobile accident. The case settled for $27,500, but Nelsen's insurance company, State Farm Automobile Insurance Company (State Farm), had previously paid its limit of $25,000 in medical payments and claimed subrogation for its medical pay benefits against the $27,500 settlement proceeds. Two chiropractors who had treated Nelsen filed "physician liens," seeking payment of their bills from the $27,500. Nelsen's attorney sought payment of his attorney fee and expenses. The district court for Douglas County distributed the proceeds to Nelsen's attorney and State Farm and denied the claims of the chiropractors.

## BACKGROUND

Nelsen injured her head, neck, back, and knees in an automobile accident that occurred November 6, 1994, in Bellevue, Nebraska. Nelsen sued Grzywa, the driver of the other car, for damages, including $42,000 in medical bills and expenses. Grzywa's insurer, Universal Underwriters (Universal), paid $27,500 to settle the case, which was paid to the clerk of the district court.

State Farm, the two chiropractors, and Nelsen's attorney made competing claims to the settlement proceeds. State Farm sought reimbursement for the $25,000 of medical pay coverage it had paid to various medical care providers, other than the chiropractors, who treated Nelsen's injuries. The two chiropractors, Drs. Dennis Green and Mark Cobleigh, claimed $6,827.35 and $4,383.68, respectively, and both filed physician liens. Nelsen's attorney claimed $9,166.66 in attorney fees and $2,418.88 in advanced expenses. Nelsen filed an "Application to Determine Subrogated Interests," requesting that the district court determine the extent to which Drs. Green and Cobleigh, and State Farm were entitled to the settlement proceeds.

State Farm claimed subrogation under Neb. Rev. Stat. § 44-3,128.01 (Reissue 1998), seeking all of the $25,000 it paid to Nelsen's medical providers, although it acknowledged its responsibility for a portion of the attorney fees and expenses. Section 44-3,128.01 establishes the validity of an automobile insurance policy provision granting the insurer the right of subrogation for its medical pay benefits. The statute provides that if the insured recovers less than his or her "actual economic loss," subrogation shall be recovered on a proportional basis. However, under § 44-3,128.01, it is conclusively presumed that any settlement that is less than the policy limits of any applicable liability coverage "constitutes complete recovery of actual economic loss." The parties all agreed that the $27,500 paid by Universal was less than Universal's liability coverage. Therefore, the district court found that Nelsen received complete recovery of her actual economic loss, thereby negating the proportional recovery facet of § 44-3,128.01. No one disputes this conclusion. Drs. Green and Cobleigh each claimed payment from the settlement proceeds under the physician lien statute.

The district court's order awarded Nelsen's attorney $11,585.54 for fees and expenses, a finding not challenged here. State Farm received the remaining balance of $15,914.46. State Farm's claim was reduced for attorney fees and expenses under the common fund doctrine. See *Hauptman, O'Brien v. Milwaukee Guardian*, 7 Neb. App. 60, 578 N.W.2d 83 (1998). Drs. Green and Cobleigh received none of the settlement proceeds, because the district court held that as chiropractors, they did not qualify as physicians under the physician lien statute. Nelsen appeals the exclusion of her chiropractors from any recovery from the settlement proceeds.

## ASSIGNMENT OF ERROR
Nelsen claims, restated, that the trial court erred in finding that the fees of Drs. Green and Cobleigh, as chiropractors, are not recoverable under the physician lien statute.

## STANDARD OF REVIEW
Statutory interpretation presents questions of law, and an appellate court is obligated to reach a conclusion independent of that reached by the trial court. *In re Estate of Peterson*, 254 Neb. 334, 576 N.W.2d 767 (1998); *PLPSO v. Papillion/LaVista School Dist.*, 252 Neb. 308, 562 N.W.2d 335 (1997).

## ANALYSIS
We review the physician lien statute, cases in which the Nebraska Supreme Court addresses whether chiropractors practice medicine, and the physician and chiropractor licensing statutes to determine whether chiropractors are considered physicians under the physician lien statute.

*Physician Lien Statute Language.*
The Nebraska physician lien statute provides that "any . . . physician, nurse, or hospital" performing professional services of any nature, in the treatment of, or in connection with an injury, possesses a lien upon any sum awarded as damages or settlement proceeds from the person causing the injury to the injured person. The term "physician" includes surgeon and means one legally authorized to practice his or her profession within Nebraska, who is in good standing in the profession at

the time. Neb. Rev. Stat. § 52-402 (Reissue 1998). Sections 52-401 and 52-402 do not specifically include the term "chiropractor," although they do specify nurses and hospitals along with physicians as those who may file physician liens.

The intent of the Legislature is expressed by omission as well as by inclusion. *Ledwith v. Bankers Life Ins. Co.*, 156 Neb. 107, 54 N.W.2d 409 (1952). See *In re Interest of Joshua M.*, 256 Neb. 596, 591 N.W.2d 557 (1999). The legal principle of expressio unius est exclusio alterius, the expression of one thing is the exclusion of the others, recognizes the general principle of statutory construction that an expressed object of a statute's operation excludes the statute's operation on all other objects unmentioned by the statute. *A & D Tech. Supply Co. v. Nebraska Dept. of Revenue*, 259 Neb. 24, 607 N.W.2d 857 (2000); *PLPSO v. Papillion/LaVista School Dist., supra.* Exclusion of the term "chiropractor" from § 52-401 when other health care providers are specifically included in the statute means that if the Legislature intended for chiropractors to be included in the physician lien statute, the Legislature would have specifically listed chiropractors in the statute, as was done with hospitals and nurses. Therefore, §§ 52-401 and 52-402, under established rules of statutory construction, exclude by omission chiropractors as health care professionals entitled to file a physician lien.

*Cases Regarding Chiropractors.*

Although the Nebraska Supreme Court has not addressed the exact question before us, the court has spoken about what a chiropractor can do as relates to practicing medicine or surgery. First, we acknowledge that the court has held that a licensed chiropractor who had examined, x rayed, diagnosed, and treated an injured claimant was competent to testify as to injury causation. *Rodgers v. Sparks*, 228 Neb. 191, 421 N.W.2d 785 (1988). However, the *Rodgers* court added, "Although it is clear that a chiropractor is not licensed to engage in the practice of medicine and surgery as defined under Neb. Rev. Stat. § 71-1,104 (Reissue 1986), the practice of chiropractic is a skilled profession." *Rodgers v. Sparks*, 228 Neb. at 195, 421 N.W.2d at 788. The court has reiterated its holding that the practice of chiro-

practic is not the practice of medicine. *Floyd v. Worobec*, 248 Neb. 605, 537 N.W.2d 512 (1995) (district court did not abuse discretion in excluding testimony of unlicensed chiropractor). Thus, while there is clear authority that a licensed chiropractor can testify about his or her treatment by chiropractic of a patient and render opinions about causation of the injuries, a chiropractor is not a physician or surgeon.

*Physician and Chiropractor Licensing Statute Requirements.*
The statute referenced in *Rodgers*, § 71-1,104, requires that an applicant for a license to practice medicine and surgery must present proof of graduation from an accredited school or college of medicine and meet all other qualifications for a license to practice medicine and surgery. There is an equivalent statute applicable to chiropractors, which provides that "[e]very applicant for a license to practice chiropractic shall (1) present proof of graduation from an accredited college of chiropractic." Neb. Rev. Stat. § 71-179 (Cum. Supp. 1999). Thus, there are two separate and distinct professions with different licensing requirements. When statutes are clear and unambiguous, courts do not construe the statutes, but, rather, give effect to the plain meaning of the statutes. See *In re Estate of Peterson*, 254 Neb. 334, 576 N.W.2d 767 (1998). Clearly, graduating from an accredited college of chiropractic does not equate to graduating from an accredited school or college of medicine. And just as the educational requirements are different, there are two licenses, and they are not interchangeable. The licensing statutes add further weight to the conclusion that the Legislature excluded chiropractors from the reach of the physician lien statute.

## CONCLUSION

In summary, a chiropractor is not included in the ambit of the physician lien statute, because "chiropractor" is not specifically mentioned in §§ 52-401 and 52-402 governing application of physician liens, whereas other health care professionals are specified in § 52-401. In addition, the Nebraska Supreme Court has determined that a chiropractor does not practice medicine and surgery. Finally, licensing statutes applicable to physicians

specify graduation from an accredited school or college of medicine. In contrast, licensing statutes governing chiropractors require attendance at an accredited college of chiropractic, thereby fortifying the conclusion that a chiropractor is not a physician. We hold that a chiropractor is not a physician for the purposes of the physician lien statute and that therefore, a chiropractor cannot assert a valid lien under the physician lien statute. If the statute is to include chiropractors, the Legislature must change the statute. Therefore, we affirm the trial court's decision.

AFFIRMED.