2001-NMCA-008

18 P.3d 334

**In the Matter of the ESTATE OF Alice G. JEWELL, Deceased.**

**Andy Brito, Personal Representative of the Estate of Alice G. Jewell, Deceased, Plaintiff–Appellee,**

v.

**Robert L. Jewell, Defendant–Appellant.**

**No. 20,545.**

Court of Appeals of New Mexico.

Jan. 10, 2001.

Certiorari Denied No. 26,783, Feb. 16, 2001.

William A. L'Esperance, Albuquerque, NM, for Appellee.

Martin E. Threet, Joseph L. Romero, Martin E. Threet & Associates, Albuquerque, NM, for Appellant.

## OPINION

BOSSON, Judge.

{1} In this appeal, we construe for the first time a section of the New Mexico Uniform Probate Code (New Mexico Code) that provides statutory allowances to a surviving spouse. *See* NMSA 1978, §§ 45–2–401 to –403 (1993, as amended through 1999). We hold that the surviving spouse is entitled to those allowances notwithstanding contrary intentions expressed in the deceased spouse's will. The district court having ruled to the contrary, we reverse and remand with instructions.

## BACKGROUND

{2} The parties do not dispute the facts. Robert Jewell (Husband) and Angela Jewell (Wife) were first married on February 24, 1981. They divorced on March 7, 1984, but then continued to live together for another 14 years. They remarried on January 26, 1995, and Wife died on October 23, 1998. At the time of Wife's death, Husband became her surviving spouse.

{3} On February 14, 1984, Wife executed her Last Will and Testament which remained unaltered at her death. In an effort to protect Wife from Husband's credit problems,

Wife devised Husband a total of $10 in her 1984 Will, "said sum to constitute his entire gift from my estate." Wife further directed that "to the extent permitted by law, [Husband] shall not receive nor be entitled to any family allowance or personal property allowance from my estate as provided by New Mexico law." Instead, Wife devised the entire residue of her estate to her three children from a previous marriage and appointed her son, Andy Brito, as personal representative. At her death, Wife's estate was limited primarily to the house in which she and Husband had lived during their years together. The house was Wife's sole and separate property.

{4} The parties began probate proceedings. Husband petitioned for the family allowance prescribed by statute in the amount of $30,000 and the personal property allowance in the amount of $15,000, both to be paid from the value of Wife's house, the primary asset of the estate. *See* §§ 45–2–402, –403. The personal representative rejected Husband's petition. Relying upon his instructions in the Will, the personal representative opposed any grant of statutory allowances and sued to have Husband ejected from the residence. Husband filed a motion to dismiss the action in ejectment which the district court denied and ordered him to vacate the house. The court also denied Husband's request for statutory allowances. Husband appeals insisting on an absolute right under New Mexico law to the statutory allowances regardless of his Wife's stated intention to the contrary.

## DISCUSSION

{5} The New Mexico Code provides statutory allowances to a surviving spouse on a priority basis exempt from creditors of the estate. *See* §§ 45–2–402, –403. Section 45–2–402 provides as follows:

A decedent's surviving spouse is entitled to a family allowance of thirty thousand dollars ($30,000). If there is no surviving spouse, each minor child and each dependent child of the decedent is entitled to a family allowance amounting to thirty thousand dollars ($30,000) divided by the number of minor and dependent children of the decedent. The family allowance is exempt from and has priority over all claims against the estate. Family allowance is in addition to any share passing to the surviving spouse or minor or dependent children by intestate succession or by the decedent's will, unless otherwise provided by the decedent in the will or other governing instrument.

Section 45–2–403 provides for a personal property allowance in the amount of $15,000. Using nearly identical language, both statutes provide that the allowances are "*in addition to* any benefit or share passing to the surviving spouse . . . by intestate succession or by the decedent's will, *unless otherwise provided* by the decedent in the will or other governing instrument." Section 45–2–403 (emphasis added). The underscored language of both statutes cuts to the heart of this dispute.

{6} Mr. Brito, the personal representative of his mother's estate, contends that the "unless otherwise provided" language allows a decedent to eliminate allowances by direction to that effect in the will which, in this case, would leave Husband with $10. Husband, on the other hand, argues that "unless otherwise provided" modifies the clause "in addition to." In other words, a surviving spouse has a presumptive right to statutory allowances "*in addition to*" whatever share may be devised from the estate, *unless* the will provides that the allowances are not "in addition to" the devised share. For example, the decedent could limit the surviving spouse to the statutory allowances in lieu of any devised share of the estate, or the decedent could force the spouse to elect between the two. But the decedent could not eliminate the statutory allowances in favor of a smaller or nonexistent, devised share.

{7} Under Husband's theory, the statutory allowances are absolute; they provide a floor for the surviving spouse beneath which a decedent cannot go, even if it means compromising that portion of the decedent's estate comprised exclusively of sole and separate property. Our review of both New Mexico statutes and the Uniform Laws from which they came, leads us to conclude that Husband has the more accurate argument, a

conclusion that finds support in comparable case law from other jurisdictions.

{8} New Mexico adopted the Uniform Probate Code in 1975. *See* 1975 N.M. Laws, ch. 257, 1109–1348. *See generally* W. Garrett Flickinger, *Intestate Succession and Wills Law: The New Probate Code,* 6 N.M. L.Rev. 25 (1975). The relevant portions of the New Mexico Code, together with comprehensive amendments passed in 1993, and to a lesser extent in 1995 and 1997, have consistently stated that the statutory allowances are "in addition to" a devised share of the estate "unless" otherwise provided in the will or elsewhere. *Compare* 1975 N.M. Laws, ch. 257, §§ 2–401, –402, 1134–35 *with* 1993 N.M. Laws, ch. 174, §§ 20, 21, 1580–82; 1995 N.M. Laws, ch. 210, §§ 7, 8, 1985–86; 1997 N.M. Laws, ch. 95, § 1, 892–93. New Mexico's language tracks the Uniform Probate Code with only minor variations. *Cf.* Unif. Probate Code §§ 402, 403, 8B U.L.A. 59–60 (1993); Unif. Probate Code §§ 2–402, –403, 8 U.L.A. 139–141 (1998).

{9} Although no reported New Mexico case has construed this language, persuasive appellate opinions elsewhere hold that the same or similar language taken from the Uniform Probate Code does indeed provide a minimum guarantee to the surviving spouse that is insulated from the decedent's intent. "The purpose of the allowances is to ensure that a surviving spouse is not left penniless and abandoned by the death of a spouse." *In re Estate of Lawson,* 222 Mont. 276, 721 P.2d 760, 762 (1986). The allowances are not subject to offset or defenses such as abandonment; they constitute a statutory entitlement for the benefit of surviving spouses "irrespective of whether they do or do not share" in the devised portion of the estate. *Id.* The allowances pass outside the will by operation of law. *See Monks v. Smith,* 609 So.2d 740, 742 (Fla.Dist.Ct.App. 1992). At least one case has squarely held that the statutory allowances may be recovered from the decedent's sole and separate property if that is all that remains in the estate after devise. *See Simmons v. Ewing,* 96 Idaho 380, 529 P.2d 776, 778 (1974) (awarding surviving spouse statutory allowances from decedent's separate property in addition to spouse's devised share of the decedent's community property because the will did not force the surviving spouse to make an election); *In re Estate of Peterson,* 254 Neb. 334, 576 N.W.2d 767, 771–72 (1998) (interpreting Uniform Probate Code "unless otherwise provided" language to permit a decedent to force an election but not to eliminate allowances); *In re Estate of Wagley,* 760 P.2d 316, 318–19 (Utah 1988) (interpreting statutory allowances under Uniform Probate Code to reach multiple party accounts held by decedent and third party when estate insufficient to satisfy allowances for surviving spouse); *In re Marriage of Meek,* 669 P.2d 628, 630 (Colo.Ct.App.1983) (stating statutory allowances are a matter of right).

{10} The personal representative has not referred us to any contrary case authority interpreting the Uniform Probate Code. Indeed, the personal representative concedes that the language of the Uniform Probate Code supports Husband's position in this appeal. *See* Lawrence H. Averill, Jr., *Uniform Probate Code in a Nutshell* 122 (3d ed.1993) (stating the Uniform Probate Code's statutory allowances "preclude disinheritance to the extent of their monetary limitation"). Neither does the personal representative seek refuge in minor stylistic variations between the New Mexico Code and the Uniform Probate Code. We agree that any such argument would be fruitless.

{11} Instead, the personal representative relies on the well-recognized axiom in New Mexico that, as a general matter, the testator's intent prevails, and the court's job is to ascertain that intent and implement it. *See* NMSA 1978, § 45–1–102(B) (1975). According to the personal representative, our legislature intended to enable testators to leave their spouses "penniless," as long as they express their intent with clarity. This argument does not persuade us. Not only does the statutory language in the New Mexico Code fail to support such unfettered power in the testator, but the personal representative's cited authority misses the mark as well.

{12} The personal representative cites *In re Estate of Taggart,* 95 N.M. 117, 619 P.2d 562 (Ct.App.1980). However, the opinion in *In re Estate of Taggart* is based on an entire-

ly different portion of the Code, NMSA 1978, § 45–2–301 (1993), which authorizes a testator to exclude a surviving spouse from devise under the will under certain circumstances, including an unambiguous expression of testator's intent. *See* § 45–2–301(A)(1)(3). However, *In re Estate of Taggart,* 95 N.M. at 122–25, 619 P.2d at 567–70 does not address the subject of statutory allowances, and Sections 45–2–402 and –403 do not have comparable language that would make testator intent determinative. In a subsequent opinion, this Court observed that whatever share an omitted surviving spouse may, or may not, receive from the testator's estate under Section 45–2–301, "[t]he legislature also provided family and personal property allowances to which a surviving spouse is entitled." *In re Estate of Coleman,* 104 N.M. 192, 194, 718 P.2d 702, 704 (Ct.App.1986). This would appear to undercut the notion that testator intent dominates. *See id.; see also* Frank L. Spring, *In–Migration of Couples from Common Law Jurisdictions: Protecting the Wife at the Dissolution of the Marriage,* 9 N.M. L.Rev. 113, 125 (1978–79) (characterizing statutory allowances as "the only restraints" on the husband's ability to devise one-half the community property and all the separate property to the exclusion of the wife).

{13} Husband's interpretation of the statutory allowances finds additional support elsewhere in the New Mexico Code. For example, NMSA 1978, Section 45–3–101(C) (1975) provides, in pertinent part: "The devolution of separate property and decedent's share of community property is subject to rights to the family allowance and personal property allowance." This language appears to place the statutory allowances on a level that supersedes testator intent.

{14} Perhaps the most compelling support for Husband found elsewhere in the New Mexico Code is NMSA 1978, Section 45–2–407 (1995). Newly added in 1995, Section 45–2–407 specifically enables a surviving spouse to waive the statutory allowances if certain protections are followed. *See 1995 N.M. Laws, ch. 210, § 10; cf.* Unif. Probate Code § 2–213, 8 U.L.A. 129 (1998). To be effective, the waiver must be by "a written contract, agreement or waiver signed by the surviving spouse." Section 45–2–407(A).

Even then, the surviving spouse can avoid enforcement of such a waiver on equitable grounds if, for example, the waiver is determined to be unconscionable, involuntary, or executed without full disclosure. *See* § 45–2–407(B) and (C). By providing an exclusive method of waiver, together with equitable protections, the legislature has ensured that the surviving spouse, not the testator, has control over the statutory allowances. Put another way, it would make little sense for the legislature to protect the surviving spouse in this manner, if, as the personal representative insists, the testator could short-circuit Section 45–2–407 unilaterally by a contrary declaration in the will. Courts in other jurisdictions construing similar language from the Uniform Probate Code require a written waiver fairly executed by the surviving spouse. *See In re Estate of Beaman,* 119 Ariz. 614, 583 P.2d 270, 272–73 (Ct.App.1978); *In re Estate of Smith,* 674 P.2d 972, 973 (Colo.Ct.App.1983).

{15} We are persuaded that Husband has the better of the two arguments in terms of the interpretation and meaning of the statutory allowances provided by our legislature in the New Mexico Code. We acknowledge that in certain cases, and perhaps this is one, a small estate worth little more than the value of these allowances may cause a disproportionate benefit to the surviving spouse at the expense of other intended devisees. In earlier times before the Uniform Probate Code, it was left to the discretion of the court to provide a family allowance to meet a temporary need for the benefit of the surviving spouse and minor children. *See* NMSA 1953, § 31–4–1 (1889); *Andros v. Flournoy,* 22 N.M. 582, 587, 166 P. 1173, 1174 (1917) (statutory allowance provided in discretion of court "is independent of any provisions made by the will," and testator is "powerless to deprive the court of the right to make the allowance"). With the New Mexico Code, our legislature supplanted the flexibility of discretionary relief in favor of the certainty of a fixed allowance which is afforded without conditions, in a set amount, and apparently without regard for the size or composition of the estate. *Cf.* Unif. Probate Code, § 2–404, 8 U.L.A. 141–42 (1998) (providing a separate section that was *not* adopted by the New Mexico legislature which would make avail-

able a "reasonable allowance" to be determined by the court in addition to the prescribed statutory allowances).

## CONCLUSION

{16} We reverse the Judgment and Order of the district court entered May 21, 1999, and remand for the court to grant Husband the Family Allowance and Personal Property Allowance requested below and for further proceedings not inconsistent with this opinion.

{17} **IT IS SO ORDERED.**

JAMES J. WECHSLER, Judge, and MICHAEL D. BUSTAMANTE, Judge, concur.