No. 85-611

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

IN THE MATTER OF THE ESTATE OF
JAMES C. LAWSON, Deceased.

---

APPEAL FROM: District Court of the Seventh Judicial District,
In and for the County of Richland,
The Honorable H. R. Obert, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

T. R. Halvorson, Sidney, Montana

For Respondent:

Torger S. Oaas, Lewistown, Montana

---

Submitted on Briefs:  May 9, 1986

Decided:  July 17, 1986

Filed:  JUL 1986

*Ethel M. Harrison*
_____
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

The estate of James C. Lawson appeals from the Findings of Fact, Conclusions of Law and Order of the District Court of the Seventh Judicial District, Richland County which ordered the estate to pay a homestead allowance of $20,000 and a family allowance of $500 per month to Karen Lawson. We affirm.

James Lawson died on January 3, 1985. The estate has stipulated and Karen Lawson testified that she was James Lawson's common-law spouse. Both parties were living in Montana at the time of his death. They had no children of the marriage.

James Lawson left a will which was informally probated in Richland County. Pursuant to his will, his niece Merrie Gangstad was appointed personal representative.

Karen Lawson was at that time living on their ranch in Richland County. When James died, Karen received approximately $150,000 in cash and certificates of deposit that had been held in joint tenancy. She used the money to buy a ranch in Joliet. When she left the Richland property, she allegedly took several household and ranch items which she claimed were hers, her fathers, or gifts.

Karen Lawson as surviving spouse filed a petition for homestead, exempt property, and family allowances. She also filed a petition seeking to have herself declared as sole owner of the property she had removed from the ranch.

After a hearing on petition, the District Court entered findings of fact, conclusions of law and an order which awarded $20,000 for the homestead allowance, a family

allowance of $500 per month as of January 3, 1985 and an exempt property allowance of $3,500. The District Court deferred the selection of the items of exempt property until all issues in the case are settled. The District Court stated:

> The homestead allowance and family allowance of Karen Lawson should not be offset by any of the claims of the estate against Karen Lawson. The estate has failed to show that it would be irreparably harmed in the event that the allowances were granted to the widow prior to the disposition of the other issues in later legal proceedings. The estate has further failed to show any legal right to an offset. This question is reserved.

As a first issue, the estate of James Lawson contends the defenses of setoff, satisfaction, payment and abandonment should be available against statutory claims of homestead, family, and exempt property allowances.

The homestead, exempt property, and family allowances are allowed by §§ 72-2-801, 802, and 803, MCA, respectively. Section 72-2-801, MCA, states:

> A surviving spouse of a decedent who was domiciled in this state is entitled to a homestead allowance of $20,000. . . . The homestead allowance is exempt from and has priority over all claims against the estate. Homestead allowance is in addition to any share passing to the surviving spouse or minor or dependent child by the will of the decedent unless otherwise provided, by intestate succession, or by way of elective share.

Section 72-2-802, MCA, states:

> In addition to the homestead allowance, the surviving spouse of a decedent who was domiciled in this state is entitled from the estate to value not exceeding $3,500 in excess of any security interests therein in household furniture, automobiles, furnishings, appliances, and personal effects.. . . These rights are in addition to any benefit or share passing to the surviving spouse or children by the will of the decedent unless otherwise provided, by intestate succession, or by way of elective share.

Section 72-2-803, MCA, states:

In addition to the right to homestead allowance and exempt property, if the decedent was domiciled in this state, the surviving spouse and minor children whom the decedent was obligated to support and children who were in fact being supported by him are entitled to a reasonable allowance in money out of the estate for their maintenance during the period of administration, which allowance may not continue for longer than 1 year if the estate is inadequate to discharge allowed claims. The allowance may be paid as a lump sum or in periodic installments.

. . .

The family allowance is exempt from and has priority over all claims but not over the homestead allowance.

The family allowance is not chargeable against any benefit or share passing to the surviving spouse or children by the will of the decedent unless otherwise provided, by intestate succession, or by way of elective share.

The death of any person entitled to family allowance terminates his right to allowances not yet paid.

The purpose of the allowances is to ensure that a surviving spouse is not left penniless and abandoned by the death of a spouse. The allowances are not designed to support the family until they share in the estate, but irrespective of whether they do or do not share. 31 Am.Jur.2d Executors and Administrators § 324. The allowances are payable out of the assets of estate and are not charged against the widow's share. Section 72-2-803, MCA. Because of the nature of allowances provided for the family, defenses such as offset, satisfaction, payment, or abandonment if they could be proved, should not be allowed as a matter of policy. Matter of Estate of Dunlap (1982), 199 Mont. 488, 649 P.2d 1303; Matter of Estate of Merkel (Mont. 1980), 618 P.2d 872, 37 St.Rep. 1782.

The second issue raised by appellant is whether irreparable harm is a prerequisite to defenses of setoff,

- 4 -

satisfaction, and payment. This issue has been rendered moot by our decision on the first issue.

Third, the estate accuses the District Court of using the unresolved issues presented by the amended petition and amended counterpetition as a basis for ruling against the estate while refusing to do anything to make the issues ready for trial. The estate claims prejudice because of the dilatory handling of the estate by the court.

The District Court correctly refused to determine if the estate was legally entitled to a set-off until after the ownership of the property had been determined, and the property had been valued by an appraiser. The record shows that the estate itself has not attempted to resolve the issues in this case in an expeditious manner.

The fourth issue raised by appellants is whether the estate was denied a fair hearing by what it terms as repeated errors in setting the petition for hearing. The estate complains that it was not given a 14 day notice of the hearing on the petition for allowances as required by § 72-1-301, MCA. The hearing was rescheduled by the parties or the District Court six times before the hearing was held, largely due to an extremely busy District Court schedule. Appellant claims that some of these notices were illegally short. However, the record shows the appellant did not object to the notices or request continuances at the District Court level and it raises the issue for the first time on appeal. This Court will not review issues raised for the first time on appeal. In re Marriage of Glass (Mont. 1985), 697 P.2d 976, 42 St.Rep. 328; Morse v. Cremer (1982), 200 Mont. 71, 647 P.2d 358.

Last, appellant takes issue with this finding of the District Court:

> There was testimony concerning the assets taken and allegedly taken from the estate by Karen Lawson. Inasmuch as all of the evidence was selfserving and not from an impartial expert witness, the Court will reserve ruling on the question of entitlement to an offset as to any offset (sic) until conclusion of the case.

Appellant contends a self-serving declaration is a statement made out of court that is favorable to the interests of the declarant, but does not include testimony of a witness in court. The estate contends the judge ignored the estate's proof which consisted of cross examination of Karen Lawson as to the value of the assets on the Lawson property. The estate contends the District Court acted arbitrarily and capriciously and moved to disqualify the presiding judge for cause.

A reading of the findings of fact shows that the District Court judge refused to rule on the value of personal property in the estate because no testimony from an impartial expert witness had been presented. The only testimony presented was that of Karen Lawson which was indeed self serving. The District Court acted properly on the issues before it, and appellant's allegations of prejudice are baseless.

The findings of fact, conclusions of law and order of the District Court are affirmed.

_____
John C. Sheehy
Justice

We Concur:

_____
J. A. Turnage
Chief Justice

_____
John Conway Harrison

_____
Frank B. Morrison

_____
William E. Hunt
Justices