No. 90-537

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

FILED

JUN 18 1991

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

IN THE MATTER OF THE ESTATE OF

ALICE LUND LETTENGARVER,
a/k/a ALICE B. LUND,

        Deceased.

APPEAL FROM: District Court of the Tenth Judicial District,
In and for the County of Fergus,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

                Stephen C. Moses, Moses Law Firm,
                Billings, Montana

        For Respondent:

                William E. Berger, Wilkins & Berger,
                Lewistown, Montana

Submitted on Briefs: March 7, 1991

Decided: June 18, 1991

Filed:

                Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

The personal representatives of the estate of Alice Lund Lettengarver, also known as Alice B. Lund, appeal from an order of the Tenth Judicial District Court, Fergus County, awarding family and homestead allowances and exempt property to the surviving spouse. The surviving spouse cross appeals from the court's denial of his petition for an elective share of the augmented estate. We affirm.

The issues raised by the parties overlap a great deal. We therefore frame the questions that will be considered on appeal as follows:

1. Did the District Court abuse its discretion in awarding the surviving spouse a family allowance?

2. Did the District Court err in determining the ownership of the home in Lewistown?

3. Did the District Court properly determine and distribute the augmented estate?

Alice Lund Lettengarver (decedent) died intestate on August 4, 1986. She was survived by her husband, William Lettengarver (surviving spouse), and two children of previous marriages, Dolly V. Smith (daughter) and Monte Lund (son).

On August 15, 1986, letters of appointment issued, naming the daughter and son as joint personal representatives of the estate. That same day, the surviving spouse filed a renunciation of claim. The surviving spouse subsequently moved to be released from the

2

renunciation and petitioned to take a one-third elective share of the augmented estate. The daughter and son waived their objections to the surviving spouse's withdrawal of the renunciation.

Following a hearing held September 21, 1988, the District Court issued an order in which it determined the nature of the ownership of several pieces of property left by the decedent. The court found that the surviving spouse and the decedent had held a contract for deed for the sale of a ranch as joint tenants with right of survivorship. Accordingly, it concluded that the surviving spouse, as the sole surviving tenant, was entitled to the proceeds from the contract.

The court also determined that the surviving spouse had no interest in the home in Lewistown in which he and the decedent had resided before her death and in which the surviving spouse continued to reside during the administration of the estate. The title to the home had been deeded solely to the decedent, who in turn deeded the property to herself and her daughter as joint tenants with the right of survivorship. The District Court concluded, however, that the value of the home should be included in the augmented estate because the conveyance had been made without consideration. The court similarly concluded that other property that the decedent had deeded to the daughter would be included in the augmented estate because, during her marriage to the surviving spouse, the decedent had transferred the property to the daughter without consideration.

The court awarded the surviving spouse a $6,000 family allowance, a $20,000 homestead allowance, and $3,500 in exempt property. It ordered the personal representatives to compute the augmented estate and the surviving spouse's elective share.

When the parties could not reach agreement on the calculation of the augmented estate, they petitioned the court to compute the estate for them. The court did so, determining that the surviving spouse's one-third share of the augmented estate totalled $97,129. The court refused to award the surviving spouse that amount, however, because it found that the date-of-death balance of the contract for deed received by the surviving spouse through joint tenancy exceeded the one-third share of the augmented estate. The court therefore denied his petition for an elective share. Both parties appeal.

I.

The personal representatives contend that the District Court abused its discretion in awarding the surviving spouse a family allowance of $6,000. We do not agree.

The surviving spouse may be entitled to a family allowance while an estate is administered. Section 72-2-803(1), MCA, provides:

> In addition to the right to homestead allowance and exempt property, if the decedent was domiciled in this state, the surviving spouse and minor children whom the decedent was obligated to support and children who were in fact being supported by him are entitled to a reasonable allowance in money out of the estate for their maintenance during the period of administration, which

4

allowance may not continue for longer than 1 year if the estate is inadequate to discharge allowed claims. The allowance may be paid as a lump sum or in periodic installments.

The amount awarded as a family allowance depends on the circumstances of each case. Uniform Probate Code § 72-2-803, MCA, official comments. However, the personal representative may not grant an allowance in excess of a lump sum of $6,000 or monthly payments of $500 for one year. Section 72-2-804(1), MCA. A party who disagrees with the amount of the family allowance granted by the personal representative may petition the district court for a larger or smaller sum. Section 72-2-804(2), MCA. The district court's decision regarding whether to grant an award and the amount of the award will not be overturned absent a showing of an abuse of discretion. In re the Estate of Glein, 162 Mont. 464, 467, 512 P.2d 1151, 1153 (1973).

In this case, the surviving spouse's standard of living decreased during the administration of the estate because he lived on only one-half of the proceeds received from the contract for deed while the other half was placed in an escrow account. Under these circumstances, the District Court did not abuse its discretion in awarding a $6,000 family allowance.

## II.

The surviving spouse argues that the District Court erred in concluding that he had no interest in the home in Lewistown. He contends that he is entitled to at least a one-half interest in the

5

house because the property was purchased with proceeds from the sale of property he owned with the decedent in joint tenancy. He maintains that a resulting trust arose in his favor when the house was purchased with joint tenancy funds but title to the house was placed solely in the decedent's name.

"[P]roceeds of a sale of joint tenancy property pursuant to a contract are held in joint tenancy." In re the Estate of Rickner, 164 Mont. 51, 56, 518 P.2d 1160, 1162 (1974). If real property sold under contract for deed was held in joint tenancy, the contract itself and the proceeds generated by the sale are also held in joint tenancy.

Although the proceeds from the sale are held in joint tenancy, the parties are not limited in the manner in which they dispose of the proceeds. Here, the parties purchased the home in Lewistown with funds from the sale of ranch property held in joint tenancy. They placed the title to the home, however, solely in the decedent's name. Where a title is held by one party but the consideration paid by another, a resulting trust arises in favor of the latter. Section 72-33-218(1), MCA. A resulting trust does not arise, however, where the party holding the title is the spouse of the party providing the consideration. Section 72-33-218(2)(b), MCA. In such cases, a gift is presumed, a presumption that may be overcome only with clear and convincing evidence. Lewis v. Bowman, 113 Mont. 68, 77-78, 121 P.2d 162, 167 (1942).

6

The surviving spouse testified that he allowed the decedent to put the title to the house in her name to avoid a fight.  He also testified that the decedent agreed to grant him a life estate in the property, which the decedent never did.  The evidence established that both parties paid for utilities and repairs on the house, but that the decedent paid the taxes and insurance as well.  Under the circumstances, the surviving spouse failed to marshall clear and convincing evidence to rebut the presumption that he gave his share of the house to the decedent as a gift.  The District Court did not err in determining that the surviving spouse had no interest in the house.

## III.

The parties argue that the District Court failed to properly calculate and distribute the augmented estate.  The District Court added one-half of the date-of-death balance of the contract into the augmented estate.  The personal representatives contend that the entire value of the contract should have been incorporated into the augmented estate while the surviving spouse argues that only one-quarter of the contract should have been included.

Montana adopted the Uniform Probate Code in 1974.  Uniform Probate Code, ch. 365, § 1, 1974 Mont. Laws 1378.  The code contains provisions for allowing a surviving spouse to elect a one-third share of the augmented estate.  Sections 72-2-701 through -707, MCA.  The augmented estate consists of the net probate estate increased by (1) the value of certain lifetime transfers of

7

property made without consideration in money or money's worth by the decedent during marriage to donees other than the surviving spouse; and (2) the value of all property owned by the surviving spouse and certain transfers of property made by the surviving spouse during marriage to donees other than the decedent, to the extent the owned or transferred property was derived from the decedent. Section 72-2-705, MCA. The election is made from a device called the augmented estate rather than from the probate estate alone for two reasons:

> (1) [T]o prevent the owner of wealth from making arrangements which transmit his property to others by means other than probate deliberately to defeat the right of a surviving spouse to a share, and (2) to prevent the surviving spouse from electing a share of the probate estate when the spouse has received a fair share of the total wealth of the decedent either during the lifetime of the decedent or at death by life insurance, joint tenancy assets and other nonprobate arrangements.

Uniform Probate Code § 72-2-705, MCA, official comments.

In this case, the sole issue is what portion of a contract for deed held by the decedent and the surviving spouse should be included in the augmented estate where the contract is held in joint tenancy with the right of survivorship. Section 72-2-705, MCA, which defines the augmented estate, provides in pertinent part:

> The augmented estate means the estate, reduced by funeral and administration expenses, homestead allowance, family allowances and exemptions, and enforceable claims, to which is added the sum of the following amounts:
>
> . . . .

8

(3) <u>the value of property owned by the surviving spouse at the decedent's death,</u> plus the value of property transferred by the spouse at any time during marriage to any person other than the decedent which would have been includable in the spouse's augmented estate if the surviving spouse had predeceased the decedent, <u>to the extent the owned or transferred property is derived from the decedent by any means other than testate or intestate succession without a full consideration in money or money's worth</u>. For purposes of this subsection:

(a) property derived from the decedent includes but is not limited to . . . any property held at the time of decedent's death by decedent and the surviving spouse with right of survivorship . . . .

. . . .

(c) property owned by the surviving spouse as of the decedent's death or previously transferred by the surviving spouse is presumed to have been derived from the decedent, except to the extent that the surviving spouse establishes that it was derived from another source. (Emphasis added.)

Under the statute, property held by the decedent and the surviving spouse as joint tenants with the right of survivorship is included in the augmented estate only to the extent that the property was derived from the decedent without full consideration in money or money's worth. Section 72-2-705(3), MCA. The statute presumes that the property was derived from the decedent; nonetheless, the surviving spouse may rebut the presumption by establishing that the property was obtained from a different source. Section 72-7-305(3)(c), MCA.

In the present case, the record established that the ranch sold under the contract for deed was purchased at least in part with funds gained from the sale of property owned solely by the

9

surviving spouse. The record also showed that the decedent contributed her own money for ranch payments. Under the circumstances, the District Court did not err in finding that the parties contributed equally to the purchase of the ranch.

Nor did the District Court err in denying the surviving spouse an elective share of the estate. Section 72-2-706(1), MCA, provides in pertinent part:

> In the proceeding for an elective share, <u>values included in the augmented estate which</u> pass or <u>have passed to the surviving spouse</u>, or which would have passed to the spouse but were renounced, <u>are applied first to satisfy the elective share</u> and to reduce any contributions due from other recipients of transfers included in the augmented estate. (Emphasis added.)

Thus, "the value of all property owned or transferred by the surviving spouse that is derived from the decedent and included in the augmented estate [should] first be applied against the elective share . . . ." Kurtz, The Augmented Estate Concept Under the Uniform Probate Code: In Search of an Equitable Elective Share, 62 Iowa L.Rev. 981, 1046 (1977). Here, the surviving spouse's elective share totalled $97,128 while one-half of the value of the contract for deed amounted to $109,588. Consequently, the value the surviving spouse received from joint tenancy property derived from the decedent more than satisfied his one-third share of the augmented estate.

The personal representatives argue that the District Court erred in failing to distribute the remaining two-thirds of the augmented estate to the son and daughter. We do not agree. The

10

augmented estate is merely an accounting device "designed to protect a spouse of a decedent who was a domiciliary against donative transfers by will and will substitutes which would deprive the survivor of a 'fair share' of the decedent's estate." Uniform Probate Code, title 72, ch. 2, part 7, part official comments. The remaining heirs do not receive distributions from the augmented estate.

Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

11