No. 00-808

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 194

IN THE MATTER OF THE ESTATE

OF ROBERT M. MARTELLE,

Deceased.

APPEAL FROM: District Court of the Twenty-Second Judicial District,

In and for the County of Big Horn,

The Honorable Blair Jones, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Gary Ryder, Attorney at Law, Hysham, Montana

For Respondent:

John T. Jones, Gerry Fagan, Moulton, Bellingham, Longo & Mather, P.C., Billings, Montana

For Personal Representative:

Natasha J. Morton, Attorney at Law, Hardin, Montana

Submitted on Briefs: May 31, 2001
Decided: September 20, 2001

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 The Respondent and surviving spouse, Sue Ann Martelle, filed a claim for the homestead allowance, exempt property, and family allowance from the estate of Robert M. Martelle in the District Court for the Twenty-Second Judicial District in Big Horn County. Two interested parties, Robert J. Martelle, decedent's son from a previous marriage, and, Betty Miller, decedent's sister, contested the surviving spouse's right to the statutory allowances. Following the parties stipulation to have the legal issues decided on briefs, the District Court issued an order in which it concluded that Sue Ann Martelle is entitled to the benefits of the homestead allowance in the amount of $20,000, exempt property in the amount of $10,000, and the family allowance as determined by the personal representative. The interested parties in the estate appeal the order. We affirm the order of the District Court.

¶2 The following issues are presented on appeal:

¶3 1. Did the District Court err when it concluded that a surviving spouse is entitled to a homestead allowance pursuant to § 72-2-412, MCA, in addition to residential property received by right of survivorship?

¶4 2. Did the District Court err when it denied a request for a scheduling order and an estate inventory before deciding the surviving spouse's entitlement to the homestead allowance, exempt property, and family allowance?

## FACTUAL BACKGROUND

¶5 During their marriage, Robert M. Martelle and Sue Ann Martelle acquired two residential houses in Hardin, Montana, as joint tenants with the right of survivorship.

¶6 On October 15, 1998, Robert executed a will with the assistance of his attorney. In the will, Robert expressed his intent that his wife satisfy her entitlement to his estate from the two pieces of real estate held in joint tenancy, and leave the remainder of his estate to his three children, Robert J. Martelle, Christina Unruh, and Montie Rae Martelle. In addition, Robert nominated his physician, Dr. James Upchurch, to serve as his personal representative.

¶7 On the same day, Robert executed a Change of Beneficiary Form for his individual retirement account (IRA) held at First Interstate Bank of Miles City. The IRA was worth $15,971.49 and the beneficiary was changed from Betty Miller, his sister, to the estate of Robert M. Martelle.

¶8 Robert died on October 22, 1998. An Order of Informal Probate and Appointment of Personal Representative was filed and granted in the District Court for the Twenty-Second Judicial District in Big Horn County on November 4, 1998. Dr. James Upchurch was appointed personal representative, pursuant to Robert's will.

¶9 On March 8, 1999, Sue Ann Martelle filed a notice of election of her statutory rights as a surviving spouse, including the homestead allowance, exempt property, and family allowance. Robert's son and sister (hereafter, "Interested Parties") disputed the surviving spouse's right to the statutory allowances. Given the dispute, the personal representative was reluctant to proceed without court involvement. Therefore, on May 17, 2000, pursuant to § 72-2-415(1), MCA, the surviving spouse petitioned the District Court for an order establishing her entitlement to these allowances.

¶10 The Interested Parties objected to the petition and to an order setting a hearing on the petition, claiming it was premature. Specifically, the Interested Parties objected to the failure of the personal representative to file an estate inventory. The District Court did not respond directly to the Interested Parties objection.

¶11 Following disagreements on a hearing date at which to consider the petition, the parties stipulated to an order vacating the hearing date and agreed to have the legal issues resolved based on briefs. On September 22, 2000, the District Court held that the surviving spouse was entitled to the homestead allowance, the exempt property allowance, and a family allowance to be determined by the personal representative.

¶12 No estate inventory or scheduling order had been filed prior to the District Court's award of the allowances.

¶13 The Interested Parties filed a Notice of Appeal on September 23, 2000, appealing the District Court order granting the homestead allowance and exempt property allowance to Sue Ann Martelle.

## STANDARD OF REVIEW

¶14 The standard of review of a trial court's conclusions of law is whether the trial court's interpretation of the law is correct. *In re Estate of Kuralt*, 2000 MT 359, ¶ 14, 303 Mont. 335, ¶ 14, 15 P.3d 931, ¶ 14 (citing *Carbon County v. Union Reserve Coal Co.* (1995), 271 Mont. 459, 469, 898 P.2d 680, 686.).

## DISCUSSION

## ISSUE 1

¶15 Did the District Court err when it concluded that a surviving spouse is entitled to a homestead allowance pursuant to § 72-2-412, MCA, in addition to residential property received by right of survivorship?

¶16 The primary purpose of the homestead allowance is to protect the family of the decedent. *In re Estate of Merkel* (1980), 190 Mont. 78, 84, 618 P.2d 872, 875. The homestead allowance, in addition to the exempt property and family allowances, were created to ensure that a surviving spouse was not left penniless and abandoned by the death of a spouse. *In re Estate of Lawson* (1986), 222 Mont. 276, 279, 721 P.2d 760, 762. Montana adopted the homestead allowance as part of its adoption of the Uniform Probate Code in 1974. § 72-1-107, MCA.

¶17 Section 72-2-412, MCA, the homestead allowance statute, provides as follows:

> A decedent's surviving spouse *is entitled* to a homestead allowance of $20,000. If there is no surviving spouse, each minor child and each dependent child of the decedent is entitled to a homestead allowance amounting to $20,000 divided by the number of minor and dependent children of the decedent. The homestead allowance is exempt from and has priority over all claims against the estate. Homestead allowance is *in addition* to any share passing to the surviving spouse or minor or dependent child by the will of the decedent unless otherwise provided, by intestate succession, or by way of elective share. [Emphasis added.]

¶18 When we interpret a statute, this Court's purpose is to implement the objectives the legislature sought to achieve. *Western Energy Co. v. State, Dept. of Revenue,* 1999 MT 289, ¶11, 297 Mont. 55, ¶11, 990 P.2d 767, ¶11. If the intent of the legislature can be determined from the plain language of the statute, the plain language controls and we may not go further and apply other means of interpretation. *Western Energy Co.,* ¶11.

Furthermore, this Court is required to simply ascertain and declare what is in terms or in substance contained in the statute, neither inserting what has been omitted nor omitting what has been inserted. § 1-2-101, MCA.

¶19 Appellants argue that the District Court incorrectly interpreted § 72-2-412, MCA, when it awarded the surviving spouse a homestead allowance of $20,000 without considering the property interest transferred to the surviving spouse through joint tenancy. Appellants contend that § 70-32-101, MCA, which defines "homestead" in the exempt property context and provides the only statutory definition of "homestead," should be applied to the homestead allowance statute in the Uniform Probate Code. Section 70-32-101, MCA, provides:

> The homestead consists of the dwelling house or mobile home, and all appurtenances, in which the claimant resides and the land, if any, on which the same is situated, selected as provided in this chapter.

Because the two residential houses were transferred through joint tenancy, the "homestead" as defined in § 70-32-101, MCA, has, in essence, already been provided to the surviving spouse. Therefore, Appellants argue that no homestead allowance should be permitted from non-homestead assets and that allowing Sue Ann Martelle to receive property through joint tenancy and the homestead allowance would lead to an unreasonable and unintended result. Appellants point to the Montana Legislature's creation of three separate Probate Code allowances as support that the homestead allowance only applies to the primary residence of the individual claiming the allowance.

¶20 The District Court concluded that it had no discretion to disallow or limit the homestead allowance, because the plain language of the homestead statute creates an absolute benefit to the surviving spouse. We conclude that the District Court was correct.

¶21 Section 72-2-412, MCA, clearly and unambiguously provides that a surviving spouse is *entitled* to a homestead allowance of $20,000, as a matter of law. The homestead allowance "is exempt from and has priority over all other claims against the estate" and "is in addition to any share passing . . . by the will of the decedent . . . by intestate succession, or by way of elective share." § 72-2-412, MCA. Because the meaning of the statute is clear, we may not employ other means of interpretation.

¶22 The sole statutory condition for receipt of the homestead allowance by the surviving

spouse is that she survive the decedent by 120 hours. § 72-2-712, MCA; *Merkel*, 190 Mont. at 84, 618 P.2d at 876. There is no other requirement, qualification, or condition to receipt of the homestead allowance by the surviving spouse. Section 72-2-412, MCA, does not require a showing of financial need, nor does it forbid surviving joint tenants from making a homestead allowance claim.

¶23 In fact, this Court has awarded statutory allowances to the surviving spouse despite the receipt of substantial assets by the surviving spouse through joint tenancy. *See Lawson*, 222 Mont. 276, 721 P.2d 760. In *Lawson*, the surviving spouse received $150,000 in cash and certificates of deposit, through joint tenancy, which she used to buy a ranch. Nevertheless, this Court affirmed an order requiring that the estate pay the homestead allowance and family allowance. *Lawson*, 222 Mont. at 277, 721 P.2d at 761. We held that "[b]ecause of the nature of allowances provided for the family, defenses such as offset, satisfaction, payment, or abandonment if they could be proved, should not be allowed as a matter of policy." 222 Mont. at 279, 721 P.2d at 762. For this same reason, Appellants attempt to apply property received through joint tenancy to satisfy the homestead allowance is not well taken. Because Sue Ann Martelle survived her husband by 120 hours, she is entitled to the homestead allowance.

¶24 As to Appellant's claim that § 70-32-101, MCA, necessarily defines "homestead" as used in § 72-2-412, MCA, we conclude that the statutes neither relate to the same subject, nor serve the same objective. The homestead allowance in the Uniform Probate Code and the homestead exemption in Montana's property laws relate to distinct subjects in separate sections of Montana law. The legislature, when it adopted the definition of homestead in the homestead exemption statutes, created a device by which a debtor's residence could be shielded against forced sale by creditors. On the other hand, when it adopted the homestead allowance, the legislature sought to protect the decedent's family prior to estate distribution. Furthermore, the levels of protection are different. The homestead allowance is a $20,000 payment, while the homestead exemption is in the amount of $60,000. We conclude that the statutes are unrelated and that, therefore, the definitional language in the property exemption statute does not override otherwise inconsistent language in the homestead allowance statute.

¶25 We therefore conclude that Sue Ann Martelle is entitled to the homestead allowance of $20,000. As we stated in *Merkel*, the "present homestead allowance is no longer an interest just in land, but is an allowance which may be satisfied in any type of property." 190 Mont. at 86, 618 P.2d at 877. Therefore, the homestead allowance can be claimed

from assets other than the dwelling house or land. Although *Merkel* considered whether homestead and exempt property allowances were only a life estate or an estate in fee, its ultimate holding related to the absolute nature of the allowances, which, in turn, applies to these facts.

¶26 The homestead allowance should be liberally construed to effectuate its purpose, a public policy to protect the surviving family of the decedent. It is an "off the top" allowance which grants the decedent's family a vested interest apart from, and in addition to, any other rights flowing from the estate. As we stated in *Heiser*, "[t]o permit the ultimate decision to be influenced by the equities and sentiments of each particular case would thus render the homestead allowance meaningless and impossible of interpretation." *In re Estate of Heiser* (1983), 207 Mont. 126, 129, 672 P.2d 1124, 1126. The homestead allowance in probate is a grant by law to benefit the surviving spouse or her estate, with no qualification except that she survive the decedent by 120 hours. Therefore, we affirm the District Court's award of the homestead allowance.

## ISSUE 2

¶27 Did the District Court err when it denied a request for a scheduling order and an estate inventory before deciding the surviving spouse's entitlement to the homestead allowance, exempt property, and family allowance?

¶28 Respondent contends the Appellants did not properly preserve the second issue for appeal because the Notice of Appeal designates only one issue, the propriety of the District Court's order establishing that Sue Ann Martelle was entitled to the homestead allowance and the exempt property allowance. The Notice of Appeal states:

> The interested parties in this matter, Robert J. Martelle and Betty Miller, appeal from an Ordered [sic] signed September 22, 2000 and filed September 26, 2000, by the Honorable Blair Jones, District Court Judge, granting the Homestead Allowance in the amount of $20,000.00 and an Exempt Property Allowance in the amount of $10,000.00 to the surviving spouse, Sue Ann Martelle. Such appeal is being made pursuant to Rule 1 of the Montana Rules of Appellate Procedure.

¶29 Respondent argues that because the second issue is a separate and distinct issue from the homestead allowance issue, and was not raised with particularity in the Notice of Appeal, it should be disregarded.

¶30 The required content of the notice of appeal is established by Rule 4(c) of the Rules of Appellate Procedure, which states:

> The notice of appeal shall specify the party or parties taking the appeal; and shall designate the judgment, order or part thereof appealed from . . . . An appeal shall not be dismissed for informality of form or title of the notice of appeal, so long as the information required in Form 1 in the Appendix of Forms to Rule 54 is contained in the notice of appeal. Rule 4(c), Mont.R.App.P.

Here, the parties were identified in the notice of appeal, and the appealed order was properly designated. Although the issue of the scheduling order was not specifically mentioned, it was an underlying issue to the eventual order by the District Court that was properly raised in the Objection to Order Setting Hearing, filed on May 19, 2000. Therefore, we conclude that the second issue was properly preserved.

¶31 As to the issue presented, the Montana Rules of Civil Procedure are applicable to the Uniform Probate Code unless specifically provided to the contrary in the code or unless inconsistent with its provisions. § 72-1-207, MCA. Appellants contend that the family members should be entitled to an estate inventory and discovery related to that inventory before statutory allowances are awarded. They rely on Rule 16(b) of the Rules of Civil Procedure, which provides as follows:

> **Scheduling and Planning.** Except in categories of actions exempted by district court rule as inappropriate, the judge shall . . . enter a scheduling order that limits the time
>
> (1) to join other parties and to amend the pleadings;
>
> (2) to file and hear motions; and
>
> (3) to complete discovery.
>
> The scheduling order also may include
>
> (4) the date or dates for conferences before trial, final pretrial conferences, and trial; and (5) any other matters appropriate in the circumstances of the case.

The order shall issue as soon as practicable but in no event more than 120 days after the filing of the *complaint.* A schedule shall not be modified except by leave of the judge upon a showing of good cause. [Emphasis added.]

¶32 The goal of Rule 16(b) is to facilitate the pretrial process by setting a schedule with the input of all parties participating in the litigation.

¶33 At issue here is a petition for probate. Unlike other civil litigation in which a complaint is filed giving notice to the defendants of the claims being brought, a petition for probate is the beginning of a process to distribute the estate of the decedent. It is unclear upon the filing of a petition for probate what challenges will be made and what issues will be raised. It would be administratively inefficient and contrary to the purpose for which Rule 16(b) was adopted to require the district court to file a scheduling order within 120 days of the filing of a petition for probate before knowledge of any disputed issues. Therefore, Rule 16(b) is inconsistent with probate proceedings. That being said, when disputed issues do arise during probate and a petition is filed with the court, the surviving spouse or any interested party may file a motion to enter a scheduling order, which would be left to the district court's discretion.

¶34 Here, the Appellants objected to an order setting a hearing on a petition to establish the surviving spouse's right to statutory allowances, and requested the District Court set a deadline for the filing of an estate inventory and enter a scheduling order to set discovery deadlines. However, there were no factual issues before the Court. The District Court correctly declared the surviving spouse was entitled to the homestead allowance and exempt property as a matter of law, and because these were legal issues, it was within the District Court's discretion to decide them prior to a scheduling order or an estate inventory.

¶35 Similarly, the surviving spouse is entitled to a family allowance as a matter of law, although the form and the amount of such allowance, pursuant to § 72-2-414, MCA, is discretionary and depends on the circumstances of the case. *In re Estate of Lettengarver* (1991), 249 Mont. 92, 95, 813 P.2d 468, 471. Section 72-2-415, MCA, which discusses source, determination, and documentation of allowances and exempt property, states:

> The personal representative may determine the family allowance in a lump sum not exceeding $18,000 or periodic installments not exceeding $1,500 per month for 1 year and may disburse funds of the estate in payment of the family allowance and any part of the homestead allowance payable in cash.

¶36 Any interested person, like the Appellants, aggrieved by any selection, determination, payment, proposed payment, or failure to act may petition the court for appropriate relief. § 72-2-415(1), MCA. Upon petition, the district court may provide a family allowance larger or smaller than that which the personal representative determined or could have determined. § 72-2-415(1), MCA. We note upon examination of the record that the personal representative has yet to determine the family allowance. Until the personal representative determines the form and amount of the family allowance, questions of asset valuation and "lack of need," which are factual issues, are not ripe for review.

¶37 Because the surviving spouse is entitled to the homestead allowance, exempt property, and family allowance as a matter of law, the District Court was not required to issue a scheduling order or receive an estate inventory before making that legal determination.

¶38 For these reasons, the judgment of the District Court is affirmed.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ KARLA M. GRAY

/S/ JIM REGNIER

/S/ JAMES C. NELSON

/S/ JIM RICE