FILED

09/10/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0538

DA 23-0538

IN THE SUPREME COURT OF THE STATE OF MONTANA

2024 MT 205N

IN THE MATTER OF THE ESTATE OF

DARCY BROCKBANK,

  Deceased.

APPEAL FROM:   District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. 22-135
Honorable Howard F. Recht, Presiding Judge

COUNSEL OF RECORD:

  For Appellant:

  Don C. St. Peter, Makayzia Counts, St. Peter Law Offices, P.C.,
Missoula, Montana

  For Appellee:

  Nicholas LeTang, Passamani & LeTang, PLLC, Helena, Montana

Submitted on Briefs:  May 29, 2024

Decided:  September 10, 2024

Filed:

_____
        Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Ted Tenold (Tenold) appeals the Order Denying Petition for Formal Probate of Will (Order), entered in the Twenty-First Judicial District Court, Ravalli County, on September 18, 2023. In the Order, the District Court held that self-deleting text messages sent by Darcy Brockbank (Brockbank) shortly before his death to Peeti Karnasuta (Karnasuta), David Holden (Holden), and Tenold did not constitute a valid will under Montana probate statutes and law.

¶3 On January 8, 2022, Brockbank separately sent three individual text messages, each nearly identical in content except for changes in recipient names, to Karnasuta, Holden, and Tenold. Brockbank used the Wire secured text messaging application (Wire) to communicate as he was very "security minded." Brockbank identified himself on Wire by the username "DBK" and a picture of a "motorcycle." Wire automatically deletes messages unless the user changes the default setting, which Brockbank did not. Holden and Tenold did not save the message. Karnasuta took a screenshot of the text message before it deleted because the message "seemed a little out of the ordinary." Brockbank did not direct Karnasuta to do so. In the text message saved by Karnasuta, Brockbank wrote

he was "touching up [his] will" and that ownership of his sword company and the inventory of swords, located in Montana, "is going to go" to Karnasuta, Holden, and Tenold.

¶4 Brockbank was visiting Kyiv, Ukraine, and experiencing significant health problems when he sent the text messages. On February 24, 2022, Brockbank died abroad.

¶5 On December 14, 2022, Tenold petitioned to have the screenshot of the text message taken by Karnasuta entered into probate as a testamentary device under § 72-2-523, MCA. The parties agreed that the text message did not meet the requirements of either a duly executed or holographic will under § 72-2-522, MCA. Instead, the dispute concerned whether Brockbank intended the text message to constitute a will under § 72-2-523, MCA. The District Court determined that the text message did not demonstrate the appropriate intent to become an operative testamentary document.

¶6 On appeal, Tenold argues Brockbank intended for the January 8, 2022 text message to constitute a valid testamentary writing under § 72-2-523, MCA.

¶7 "Determining whether a court properly admitted a will involves both questions of law and fact." *In re Estate of Hall*, 2002 MT 171, ¶ 9, 310 Mont. 486, 51 P.3d 1134. Whether a testator possessed the requisite intent to form a valid will is a question of fact. *In re Estate of Kuralt* (*In re Kuralt I*), 1999 MT 111, ¶ 26, 294 Mont. 354, 981 P.2d 771. This Court will not reverse factual findings made by the District Court which are supported by substantial evidence. *In re Estate of Kuralt* (*In re Kuralt II*), 2000 MT 359, ¶ 17, 303 Mont. 335, 15 P.3d 931. "A district court's findings are clearly erroneous if they are not supported by substantial credible evidence, if the trial court has misapprehended the effect

of the evidence, or if a review of the record leaves this Court with the definite and firm conviction that a mistake has been committed." *In re Kuralt II*, ¶ 14 (citation omitted). This Court reviews a district court's conclusions of law to determine whether the interpretation of the law is correct. *In re Estate of Brooks*, 279 Mont. 516, 519, 927 P.2d 1024, 1026 (1996) (citation omitted).

¶8 A writing not in compliance with the requirements of a duly executed will under § 72-2-522(1), MCA, or the requirements of a holographic will under § 72-2-522(2), MCA, may nonetheless be treated as a valid will if the proponent establishes "by clear and convincing evidence that the decedent intended . . . the writing to constitute . . . the decedent's will." Section 72-2-523(1), MCA. "Whether sufficient testamentary intent is present in an alleged will should be determined by first looking to the writing itself." *In re Estate of Ramirez*, 264 Mont. 33, 36, 869 P.2d 263, 265 (1994). "If the writing contains no clear indication of intent, surrounding circumstances may be considered." *In re Ramirez*, 264 Mont. at 36, 869 P.2d at 265. "Under no circumstance, however, may extrinsic evidence be utilized to manufacture testamentary intent where the alleged testamentary document contains no indication of an intent by the testator to make a disposition of property effective on death." *In re Kuralt I*, ¶ 32.

¶9 Here, the District Court correctly concluded that the text message did not demonstrate the requisite intent to be a testamentary device. Brockbank's text message did not contain a clear indication of intent. The language of the text message claimed that Brockbank was "touching up [his] will" and that the sword business was "going to go" to

the three friends. Additionally, he neither signed the text message nor appended his name at all. The message came from Brockbank's wire account where he only identified himself by the username "DBK" and a picture of a motorcycle. The plain language of the text message appears to inform the recipients that Brockbank desired to modify his will, but the record contains no evidence he did so prior to his demise.

¶10 Beyond the language of the text message, the medium in which Brockbank sent the text further undermines Tenold's claim: Brockbank had not changed the settings to prevent the automatic deletion of the message and he provided no instructions to his friends to save the contents of the message. Karnasuta created a screenshot of his own volition. This suggests that the message itself was meant to be informative rather than testamentary.

¶11 Having concluded that Brockbank's January 8, 2022 text message to Karnasuta lacked the requisite testamentary intent to form a valid will under § 72-2-523, MCA, we need not address Tenold's remaining issue of whether electronic wills might possibly be consistent with Montana's laws regarding operative testamentary devices. Sections 72-2-522, -523, MCA.

¶12 Tenold has not demonstrated by clear and convincing evidence that Brockbank intended his text message to constitute a will. The District Court's Order denying Tenold's petition to enter the text message into probate is affirmed.

¶13 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents

no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

/S/ LAURIE McKINNON

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE